FILED _____ ENTERED
LOGGED _____ RECEIVED

MAY 15 2017

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, ) ) ) ) Petitioner, ) ) v. ) ) EMERALD PLUMBING CO., and ) Roderick Neither, Sr. Individually and as ) President, Chief Operating Officer, and ) Owner of Emerald Plumbing Co. ) ) Respondents. ) | Misc. Action No. **PWG 17 CV 1326** |

## PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA

Petitioner R. Alexander Acosta, Secretary of Labor, United States Department of Labor, through his undersigned counsel, respectfully requests that this Court issue an Order compelling Respondents to comply with an administrative subpoena *duces tecum* issued and directed to Respondents by the Regional Administrator of the Northeast Region of the Wage and Hour Division, United States Department of Labor, in an investigation being conducted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("the Act"). In support of this Petition, the Petitioner refers the Court to the accompanying memorandum of law, the subject administrative subpoena *duces tecum*, attached as Exhibit ("Ex.") A, and the Declaration of Claudia Villareal, attached as Exhibit B. As the basis for his Petition, the Secretary asserts:

### Parties

1.      Petitioner is the Secretary of Labor, United States Department of Labor, on behalf of the Department of Labor's Wage and Hour Division ("Wage and Hour").

2. Upon information and belief, Emerald Plumbing Co. ("Emerald Plumbing") is located at 5038 Beech Place, #B, Temple Hills, MD 20748. Ex. B, ¶ 2. Upon information and belief, Roderick Neither, Sr. ("Neither, Sr.") is the President, Chief Executive Officer, and sole owner of Emerald Plumbing, and was during some or all of the time period at issue in Wage and Hour's investigation, which begins on December 29, 2016. *Id.* at ¶ 3.

### Jurisdiction and Venue

3. The Court has jurisdiction over this petition pursuant to the subpoena enforcement provisions of the Federal Trade Commission Act, 15 U.S.C. § 49, as made applicable by Section 9 of the Act, 29 U.S.C. § 209.

4. During some or all of the time period at issue in Wage and Hour's investigation, which begins on December 29, 2014, Neither, Sr. owned Emerald Plumbing, located at 5038 Beech Place, #B, Temple Hills, MD 20748, where the instant administrative subpoena *duces tecum* was served, within the jurisdiction of this Court. Ex. A; Ex. B, ¶¶ 3, 5. The subpoena requests records for Emerald Plumbing. Ex. A.

5. Accordingly, a substantial part of the events or omissions giving rise to Wage and Hour's investigation and the instant subpoena enforcement action occurred in the District of Maryland. Thus, venue is proper pursuant to 28 U.S.C. § 1391(b).

### Statutory Background

6. Wage and Hour is the federal agency charged with enforcement of the Act. *See* 29 U.S.C. §§ 204, 211(a), 216(c). Wage and Hour may use its investigative authority to determine, *inter alia*, whether any person has violated the Act or to otherwise aid its efforts to enforce the Act. *See* 29 U.S.C. § 211(a) (broadly authorizing Wage and Hour to conduct investigations, including the power to inspect and copy records).

2

7. Wage and Hour has authority to investigate whether violation(s) of the Act occurred in Respondents' payment of wages for hours worked and other conditions and practices of employment. *See* 29 U.S.C. § 211(a).

8. Section 9 of the Act makes applicable the provisions in 15 U.S.C. §§ 49 and 50 (relating to witness attendance and the production of documents) to the jurisdiction, authority, and duties of the Wage and Hour Administrator and of the Secretary of Labor. Accordingly, the Secretary and the Wage and Hour Administrator have authority to subpoena witnesses and documentary evidence relating to any matter under investigation.

9. Mark Watson, Regional Administrator of the Northeast Region of Wage and Hour, was delegated authority by the Secretary to issue administrative subpoenas under the Act. Ex. B, ¶ 4.

**Factual Background**

10. Wage and Hour is investigating to determine whether the minimum wage, overtime, recordkeeping provisions, or any other provisions of the Act were violated by Respondents. Ex. B, ¶ 2.

11. Wage and Hour's investigation concerns, among other things, wages paid to employees at Emerald Plumbing, located at 5038 Beech Place, #B, Temple Hills, MD 20748 during the period beginning December 29, 2014. Ex. B, ¶ 2. Wage and Hour is investigating, among other things, whether Respondents employed those employees pursuant to the Act, and if so, whether Respondents violated the Act with respect to those employees. *Id.*

12. Wage and Hour's previous attempts to obtain records were rebuffed. Ex. B, ¶ 7. On February 10, 2017, Mr. Watson, Regional Administrator of the Northeast Region of

Wage and Hour, issued an administrative subpoena *duces tecum* directed to the custodian of records for Emerald Plumbing Co., 5038 Beech Place, #B, Temple Hills, MD 20748. Ex. A; Ex. B, ¶ 3.

13. The administrative subpoena required the custodian of records for Emerald Plumbing to appear at 10:30 a.m. on February 16, 2017 at Wage and Hour's Hyattsville Area Office in Hyattsville, Maryland to produce records as requested in the attachments to the subpoena. Ex. A & Attach. 1.

14. The administrative subpoena was served on February 14, 2017, in person, at the Emerald Plumbing office located at 5038 Beech Place, #B, Temple Hills, MD 20748, on Roderick Neither, Jr., officer of Emerald Plumbing and son of Neither, Sr. Ex. B, ¶ 5.

15. To date, neither Roderick Neither, Jr., Neither, Sr., nor any other individual has produced the documents subpoenaed or stated a valid objection to the subpoena. Ex. B, ¶ 9.

WHEREFORE, for all the reasons set forth herein and in the accompanying Memorandum of Law, the Secretary of Labor respectfully requests that this Court issue an Order:

    a. Requiring Respondents to appear on a date certain to show cause why they should not appear before the Wage and Hour Division, at such time and place as Petitioner or the Court may set, to produce the records requested;

    b. Tolling the running of the Act's statute of limitations from February 16, 2017, until and including such time as the Petitioner notifies this Court that Respondents have complied with the administrative subpoena *duces tecum* and the Court's Order; and

    c. Granting Petitioner such other relief as may be necessary and appropriate.

| Post Office Address: | Respectfully submitted, |
|---|---|
| Douglas N. White<br>Associate Regional Solicitor | Nicholas C. Geale<br>Acting Solicitor of Labor |
| U.S. Department of Labor<br>201 12th St. South<br>Arlington, VA 22202-5450<br>(202) 693-9332<br>(202) 693-9392 (fax)<br>borschow.kathleen@dol.gov | Oscar L. Hampton III<br>Regional Solicitor<br><br>Douglas N. White<br>Associate Regional Solicitor |
| Date: May 12, 2017 | Samantha N. Thomas<br>Regional Counsel |

*/s/ Ali Abed Beydoun*
Ali Abed Beydoun (MD Bar #15923)
Trial Attorney

Kathleen F. Borschow
Attorney

U.S. DEPARTMENT OF LABOR

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May, 2017, a true and correct copy of the Secretary's Petition to Enforce Administrative Subpoena and accompanying documents were served upon all parties in the above entitled cause via USPS First Class Mail, addressed to:

Roderick Neither, Sr.
5038 Beech Place, #B
Temple Hills, MD 20748

/s/ *Ali Abed Beydoun*
Ali Abed Beydoun
Attorney for Plaintiff